UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JASON J. SMITH**                                                                                                    **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 4:16-CV-P82-JHM**

**JANIS K. MOELLER** *et al.*                                                                                  **DEFENDANTS**

### MEMORANDUM OPINION

This is a civil action brought by a convicted prisoner. The Court has granted Plaintiff Jason J. Smith leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated in the Hopkins County (Kentucky) Jail. He brings this action against Defendants Janice K. Moeller and Earnestine S. Thomas, both employees of a Holiday Inn in Southhaven, Mississippi, where Plaintiff allegedly stayed.

Plaintiff alleges that Defendant Moeller made untrue statements and sent emails with false information to the Southhaven police and signed a sworn affidavit which was also false and which led to his arrest and conviction. Plaintiff also claims that Defendant Moeller made false statements to his Kentucky probation officer which led to his "parole being violated." Plaintiff further alleges that Defendant Moeller made false statements to the media by saying that he had posed as a pastor and "scammed her hotel out of $20,000.00." Plaintiff alleges that Defendant Moeller took these actions between July 9, 2014, and September 2014.

With regard to Defendant Thomas, Plaintiff alleges that on September 18, 2014, she falsely told a Southhaven police officer that she was Plaintiff's cousin and that he "had been scamming for a long time."

Based upon these allegations, Plaintiff claims that both Defendants committed slander and defamation of character against him.

As relief, Plaintiff seeks $3,727,000.00 in compensatory damages; $1,000,000.00 in punitive damages; and $135,000.00 for "loss of wages."

## II. LEGAL STANDARD

The court is required to screen complaints brought by litigants who have been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).[1] Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(A), (B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). However, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

---

[1] The Court normally screens prisoner-filed actions under 1915A. However, because 1915A only applies to civil actions filed by prisoners against a governmental entity, officer, or employee, it is not applicable here.

### III. ANALYSIS

Plaintiff's claims are state-law claims for defamation and slander.[2] It appears to this the Court that these claims are barred by the applicable statute of limitations.

A district court, sitting in diversity, must apply the law of the forum state in determining statute of limitations questions. *See, e.g.*, *Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205 (6th Cir. 1996). Here, that is Kentucky, and Kentucky's statute of limitations for slander and defamation is one year. Ky. Rev. Stat. § 413.140(d). However, based upon Plaintiff's allegations, it is possible that the applicable statute of limitations is governed by Kentucky's borrowing statute. *See Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). This statute provide as follows:

> When a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

Ky. Rev. Stat. § 413.320; *see also Willits v. Peabody Coal Co.*, 188 F.3d 510 (6th Cir. 1999).

This Court finds, however, that it need not determine whether Kentucky's borrowing statute applies because, even if the cause of action accrued in Mississippi, Mississippi shares Kentucky's one-year statute of limitations for claims of defamation and slander. Miss. Code Ann. § 15-1-35.

Here, Plaintiff alleges that the slanderous or defamatory statements were made by Defendant Moeller between July 9, 2014, and September 2014, and by Defendant Thomas on September 18, 2014. Thus, the Court concludes that Plaintiff's cause of action accrued, at the

---

[2]The Court will assume for purposes of this initial review that is has diversity jurisdiction over this action.

latest, on September 30, 2014, which was more than one year before Plaintiff delivered his complaint to the prison mail system on June 29, 2016.

Based on the above, the Court will dismiss Plaintiff's action as time-barred by separate Order.[3]

Date: October 11, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.011

---

[3] The Court recognizes that the statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). The Supreme Court, however, stated in *Jones v. Bock*, 549 U.S. at 215, that, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *See also Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (stating that a district court may *sua sponte* raise a statute-of-limitation issue when the defense is apparent on the face of the pleading) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Scruggs v. Jones*, 86 F. App'x 916, 917 (6th Cir. 2004) (affirming the district court's *sua sponte* dismissal of a prisoner's civil rights complaint on statute-of-limitations grounds); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (stating that "[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate") (citing *Pino*, 49 F.3d at 53-54).